IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DENNIS O. MONTAGUE, #40385-018
a.k.a. Smith                                                                                      PETITIONER

VERSUS                                                    CIVIL ACTION NO. 5:10-cv-150-DCB-MTP

UNITED STATES OF AMERICA AND
BRUCE PEARSON                                                                                RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Dennis O. Montague, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on September 14, 2010. Upon review of the entire record, the court has reached the following conclusions.

I.  Background

Petitioner states that he pleaded guilty to possession with intent to distribute crack cocaine in the United States District Court for the Middle District of Florida on November 19, 2002, and was sentenced to 137 months in the custody of the Bureau of Prisons.[1] Pet. [1] at 3. Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in

---

[1] According to the United States Courts PACER service, petitioner's sentence was reduced to 115 months by sua sponte order pursuant to § 18 U.S.C. 3582 by the United States District Court for the Middle District of Florida on August 25, 2008, in United States v. Montague, No. 8:02-cr-164-JSM-1 (M.D. Fla. Nov. 19, 2002).

the United States District Court for the Middle District of Florida was denied as time-barred on April 28, 2006.  Id. at 2.

In the petition before this court, petitioner argues that he received ineffective assistance of counsel in that his attorney did not advise him of the risk of deportation as a consequence to entering a guilty plea.  Id. at 4.  As relief, petitioner requests that this court "vacate, set aside, expunge his conviction and sentence" and order the Department of Homeland Security to "cancell (sic) its deportation proceedings, and grant him stay of deportation based on the violation of the constitution of the United States, Sixth Amendment violation and International law, Regulations and treaty."  Id. at 11.  Further, in his response [5] to this court's order [4], petitioner asks that this court reduce his sentence for crack cocaine under 18 U.S.C. § 3582(c).  Resp. [5] at 2.

## II.  Analysis

### a. Request for this court to vacate, set aside or expunge petitioner's sentence

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has  recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in

which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990)).

In the instant case, the petitioner's allegations relate to the validity of his conviction and resulting sentence. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2]

---

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. For the following reasons, petitioner fails to the to meet the requirements of the savings clause of § 2255.

Petitioner asserts that a § 2255 motion is an inadequate and ineffective remedy because § 2255 "is inadequately (sic) to test the legality of ineffective assistance of counsel." Pet. [1] at 2. The court finds petitioner's argument in order to meet the savings clause requirements unpersuasive. The United States Court of Appeals for the Fifth Circuit has held that a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255

---

sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate or ineffective to test the legality of his detention</u>.

inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000); see also Pierre v. Justice, 222 Fed. App'x 415 (5th Cir. 2007) (§ 2255 motion dismissed as time-barred failed to establish the inadequacy or ineffectiveness of the § 2255 remedy).

To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any support to satisfy this requirement.[3] Petitioner is asserting that he received ineffective assistance of counsel and further does not mention a new Supreme Court decision that would make his actions noncriminal. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test. Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed regarding this claim pursuant to 28 U.S.C. § 2241.

b. Request for this court to direct the Department of

---

[3] Petitioner cites numerous cases in his pleadings, however, he does not rely on any of the cited cases in order to establish that he meets the savings clause requirements.

5

<u>Homeland Security to cancel its deportation proceedings and grant him stay of deportation</u>

Next, this court must address petitioner's request that the court direct the Department of Homeland Security to cancel its deportation proceedings and grant him stay of deportation.  "An individual may seek habeas relief under § 2241 if he is 'in custody' under federal authority or for violation of federal law."  <u>Rosales v. Bureau of Immigation and Customs</u>, 426 F.3d 733, 735 (5th Cir. 2005) (citing 28 U.S.C. § 2241(c)).  Petitioner states that there has been a detainer lodged against him by the Department of Homeland Security.  Resp. [5] at 1.  "Filing a detainer is an informal procedure in which the INS informs prison officials that a person is subject to deportation and requests that officials give the INS notice of person's death, impending release, or transfer to another institution."  <u>Zolicoffer v. U.S. Dep't of Justice</u>, 315 F.3d 538, 540 (5th Cir. 2003) (quoting <u>Giddings v. Chandler</u>, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)).  "Prisoners are not 'in custody' for purposes of the habeas statute merely because the INS has lodged a detainer against them."  <u>Zolicoffer v. U.S. Dep't of Justice</u>, 315 F.3d 538, 540 (citing <u>Santana v. Chandler</u>, 91 F.2d 514, 516 (5th Cir. 1992).  Further, petitioner is not "in custody" to challenge a detainer relating to his deportation for habeas purposes until the conclusion of the underlying sentence.  <u>Lewin v. Thompson</u>, No.

93-1236, 1993 WL 241594 (5th Cir. June 21, 1993) (citing Payo v. Hayes, 754 F. Supp. 164, 165 (N.D. Cal. 1991)).  Petitioner is still serving his federal sentence and accordingly is in the custody of the Bureau of Prisons, and as such, he may not challenge the detainer lodged against him until the completion of his federal sentence.

Moreover, even if petitioner is "in custody" by way of a final deportation order, which he states in his response [5] he is not, this court does not have the jurisdiction to entertain his requests regarding deportation proceedings and/or stay of deportation as his relief is not appropriately sought in this court but in the Court of Appeals.  Alvarado v. Holder, No. 09-11084, 2010 WL 3448521, at *1 (5th Cir. Aug. 30, 2010) (citing Rosales, 426 F.3d at 736) ("When and if a final order of removal is entered against Alvarado, his sole means of obtaining judicial review of that order would be to file a petition for review in the appropriate court of appeals").

Liberally construing the petition, at best, petitioner is arguing that he is "in custody" to challenge the detainer lodged against him because he has been denied participation in the "Rehabilitation Drug Programs, Halfway House, House confinement, Second Chance Act, Fourlough (sic), Computer classes and work programs such as Unicor."  Resp. [5] at 1.  Federal prison officials have been given full discretion to control prisoner

7

classification and eligibility for rehabilitative programs by Congress. Moody v. Doggett, 429 U.S. 78, 88 n. 1 (1976) (citing Meachum v. Fano, 427 U.S. 215 (1976)). Thus "petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process." Id. As such, petitioner does not have a constitutional right to participation in certain prison programs and thus this court cannot grant him relief regarding same and, as aforementioned, this court cannot grant him the requested relief of stay of deportation proceedings and/or stay of deportation, as this court lacks jurisdiction to do so.

    c. Request for sentence reduction

Lastly, the petitioner requests that this court reduce his sentence pursuant to 18 U.S.C. § 3582(c).[4] Petitioner was sentenced for a conviction of possession with intent to distribute crack cocaine based on a sentencing range which has since been modified. Accordingly, only the sentencing court has jurisdiction to determine if petitioner's sentence should be reduced based on the amendment to the sentencing guidelines for crack cocaine. 18 U.S.C. § 3582 (c)(2). As such, since this court did not sentence the petitioner, it lacks jurisdiction to entertain petitioner's request for a sentence reduction pursuant to 18 U.S.C. § 3582(c).

---

   [4] Although petitioner has already received a reduction of his sentence, it appears to this court that petitioner is requesting further reduction of his sentence. As such, this court will not address the mootness of petitioner's request for a reduction of his sentence.

8

### III. Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice, as frivolous and to the extent that the petition can be construed as a § 2255 motion as well as petitioner's request for a sentence reduction shall be dismissed for this court's lack of jurisdiction, with prejudice. See Pack, 218 F.3d at 454-55.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the ___12th___ day of November, 2010.

    ___s/ David Bramlette___
    UNITED STATES DISTRICT JUDGE